**Robert A. HOLSTEIN, as Trustee for the Robert A. Holstein Ltd. Profit Sharing Fund, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Neil A. ARMSTRONG, Andrew F. Brimmer, Richard P. Cooley, E. Mandell Dewindt, William M. Jenkins, Juanita M. Kreps, John F. McGillicuddy, Fujio Matsuda, Harry Mulliken, James J. O'Connor, Frank A. Olson, Nicholas R. Petry, Ralph Stranges, John C. Pope, and Stephen M. Wolf, Defendants.**

**No. 89 C 6092.**

United States District Court, N.D. Illinois, E.D.

Nov. 5, 1990.

Burton I. Weinstein, Perry M. Berke, Baskin, Server, Berks & Weinstein, Chicago, Ill., for plaintiff.

Duane M. Kelley, Paul P. Biebel, Jr., Kevin E. White, Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Plaintiff in this putative class action[1] challenges the failure of directors and officers of UAL Corporation to immediately make public the alleged receipt of a takeover proposal from investor Marvin Davis on August 1, 1989. On August 4, 1989, plaintiff sold UAL stock on the open mar-

ket for a price of approximately $170 per share. The takeover proposal was made public on August 7, 1989, and the price of UAL stock rose $46.25 per share before the end of that day. Plaintiff alleges that defendants' failure to disclose the offer immediately violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5, 17 C.F.R. 140.10b–5 (collectively, "§ 10(b)"). Pending is defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

In order to recover under § 10(b), plaintiff must show that defendants made "statements [which] were *misleading* as to a *material* fact." *Basic Inc. v. Levinson,* 485 U.S. 224, 238, 108 S.Ct. 978, 986, 99 L.Ed.2d 194 (1988) (emphases in original). In this case, plaintiff does not argue that defendants made misleading statements; rather, he claims that defendants' *silence* violates § 10(b). Silence, however, is not "misleading" unless there is a separate duty to disclose. *Id.* at 239 n. 17, 108 S.Ct. at 987 n. 17. *See also Barker v. Henderson, Franklin, Starnes & Holt,* 797 F.2d 490, 495 (7th Cir.1986). Such a duty to disclose may arise where disclosure is necessary to make other statements not misleading, *Taylor v. First Union Corporation,* 857 F.2d 240, 243–44 (4th Cir.1988), *cert. denied,* 489 U.S. 1080, 109 S.Ct. 1532, 103 L.Ed.2d 837 (1989), where those who possess relevant information trade in the stock, *Chiarella v. United States,* 445 U.S. 222, 228–29, 100 S.Ct. 1108, 1114–15, 63 L.Ed.2d 348 (1980); *Gert v. Elgin National Industries, Inc.,* 773 F.2d 154, 158–59 (7th Cir.1985), or where the company is responsible for rumors or unusual market activity, *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 850 (2d Cir. 1981); *Etshokin v. Texas Gulf, Inc.,* 612 F.Supp. 1212, 1216 (N.D.Ill.1984). In the absence of some such circumstance, there is no general duty to disclose information: "[T]here can be no fraud absent a duty to speak.... [A] duty to disclose under § 10(b) does not arise from the mere pos-

1. Briefing on plaintiff's motion for class certification has been stayed pending resolution of the motion to dismiss.

**748**

session of nonpublic market information." *Chiarella*, 445 U.S. at 235, 100 S.Ct. at 1118. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 628 (7th Cir.1990) ("[t]he securities laws do not impose general duties to speak"), *cert. denied*, —— U.S. ——, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990). The First Circuit's discussion in *Roeder v. Alpha Industries, Inc.*, 814 F.2d 22 (1st Cir. 1987), applies equally to this case:

> [Plaintiff] claims that a corporation has an affirmative duty to disclose all material information even if there is no insider trading, no statute or regulation requiring disclosure, and no inaccurate, incomplete or misleading prior disclosures. The prevailing view, however, is that there is no such affirmative duty of disclosure.

814 F.2d at 27 (citing cases).

■ Plaintiff also alleges that defendants, as directors and officers, had a fiduciary duty to stockholders. Although a fiduciary duty may give rise to a duty to disclose information where the fiduciaries trade the securities, *see Dirks v. S.E.C.*, 463 U.S. 646, 654, 103 S.Ct. 3255, 3261, 77 L.Ed.2d 911 (1983), plaintiff has cited no case which holds that a fiduciary duty creates a duty to disclose information in the absence of trading by the defendants. Plaintiff has not alleged any circumstances which gives rise to a duty to disclose, and defendants' failure to disclose thus cannot give rise to liability.

Plaintiff ignores the issue of whether defendants made "misleading" statements and argues that the information was material and that reliance is presumed. Plaintiff urges that "the Court need look no further than" the Supreme Court's decision in *Basic*. (Response at 5.) *Basic* did not hold, however, that material information must always be disclosed; it found that a fact-specific inquiry was necessary to determine whether preliminary merger discussions were material when they had been expressly denied by the defendant company. 485 U.S. at 240–42, 108 S.Ct. at 988. Plaintiff relies on *Basic* to contend that investors would have placed importance on the information in making their trading

decisions. His arguments echo those raised in *Roeder*:

> [Plaintiff] relies on the "fraud on the market" theory, which has been employed by a number of courts in nondisclosure cases, for his argument that there is an affirmative duty to disclose material information to the public. Contrary to [plaintiff's] claim, the fraud on the market theory has nothing to do with an affirmative duty to disclose material information.... [T]he fraud on the market theory does not dispense with the requirement that there must be a duty to disclose before there can be liability.

814 F.2d at 27 (citations omitted). Plaintiff argues that defendants "violated the Act's philosophy of full disclosure." (Response at 4.) Unfortunately for plaintiff, one cannot be liable for violating a "philosophy." One can only be liable for violating the law, and plaintiff has not articulated a theory under which defendants have violated the law.

Defendants' motion to dismiss rests on the absence of a duty to disclose. Plaintiff responds that the information was material. Plaintiff has failed to recognize the distinction between the two issues; materiality does not in itself give rise to a duty to disclose. Because plaintiff has not alleged circumstances giving rise to a duty to disclose, the complaint is dismissed for failure to state a claim.